IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gary Williams, | Civil Action No. 5:20-CV-1090-JFA |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION & ORDER** |
| Walmart Stores East, LP, | |
| Defendant. | |

This matter is before the Court on Plaintiff Gary Williams's ("Plaintiff") motion to amend the complaint. (ECF No. 21). Plaintiff's proposed second amended complaint seeks to join Marnita Wyatt ("Wyatt") and Stephanie Burchett ("Burchett") as defendants in this action. (ECF No. 43-1). Defendant Walmart Stores East, LP ("Walmart" or "Defendant") opposed the motion and filed a response asking the Court to exercise its discretion to deny joinder. (ECF No. 23). Plaintiff timely filed a reply. (ECF No. 24). As such, the motion has been fully briefed and is ripe for ruling.

    **I.    FACTUAL HISTORY**

Plaintiff's action arises from an alleged incident in which Plaintiff was shopping in Walmart's retail store located in Orangeburg, South Carolina, when he slipped and fell on a slippery substance on the floor. (ECF No. 1-1). Plaintiff Gary Williams ("Plaintiff") filed his original complaint in the Orangeburg County Court of Common Pleas on February 21, 2020, alleging that Defendant, acting by and through its employees, was negligent in failing to take

1

reasonable precautions to maintain and monitor the flooring in a safe condition so as to prevent the risk of injury to its invitees, specifically the Plaintiff. (ECF No. 1-1).

On March 18, 2020, Defendant removed the action to the United States District Court for the District of South Carolina, Orangeburg Division, pursuant to 28 U.S.C. § 1441, and contemporaneously filed its Answer. Plaintiff moved to amend the Amended Complaint pursuant to Rule 15(a) of the FRCP to add managers. (ECF No. 21-1). Plaintiff's proposed second amended complaint seeks to add assistant manager Stephanie Burchett and store manager Marnita Wyatt, nondiverse citizens of South Carolina. (ECF No. 43-1). The proposed second amended complaint asserts that Burchett and Wyatt had substantial control and responsibility for the store as well as the condition of its floors at the time of Plaintiff's fall. (*Id.*).

## II.     LEGAL STANDARD

When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the court's analysis begins with 28 U.S.C. § 1447(e). This section provides the district court with two options: "the court may deny joinder or permit joinder and remand the action to the State court." *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999). Under 28 U.S.C. § 1447(e), the decision to deny joinder or permit joinder and remand the action is committed to the sound discretion of the district court. *Id.* The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant. *Id.* In exercising its discretion, the district court is entitled to consider all relevant factors, including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*

The doctrine of fraudulent joinder is not the applicable standard when a plaintiff seeks to join a nondiverse defendant *after* the case has been removed. *Id.* However, if the defendant carries its heavy burden of showing fraudulent joinder, that should be considered an important factor bearing on the equities under the fourth factor. *Id.*

### III.    DISCUSSION

Considering all relevant factors and balancing the equities, the Court finds it proper to permit joinder and remand the action. Taken together, the relevant *Mayes* factors weigh in favor of the Plaintiff. The Court will address each in turn.

#### a. The Purpose of Plaintiff's Proposed Amendment is not to Defeat Federal Jurisdiction

To evaluate whether the purpose of a plaintiff's proposed amendment is to defeat federal jurisdiction, courts look to the chronology of events and the timing of the plaintiff's request to add a nondiverse defendant. *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-CV-00417-MBS, 2014 WL 12631658, at *4 (D.S.C. Mar. 7, 2014). Courts have suggested caution where no attempt was made to add the nondiverse defendant until after removal, even though the plaintiff possessed the relevant facts well before suit was filed. *Id.* (citing *Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 787 (D. Md. 2002)). Even more scrutiny is appropriate where a plaintiff's proposed amendment is sought almost immediately after removal but before any additional discovery has taken place. *See Daniels v. Food Lion, LLC*, No. 5:16-CV-00936-JMC, 2016 WL 6155739, at *1 (D.S.C. Oct. 24, 2016).

In contrast, courts have recognized that amendments based on newly discovered information are often sought for legitimate purposes. *Id.* (citing *Tye v. Costco Wholesale*, CIV.A. 2:05CV190, 2005 WL 1667597, at *4 (E.D. Va. June 14, 2005) (finding no improper purpose

3

where it was "only after further investigation into the circumstances surrounding plaintiff's claim that it became apparent that [the individual defendants] had played significant roles")).

The Court disagrees with Defendant's assertion that Plaintiff seeks the amendment solely to defeat federal jurisdiction. Plaintiff's amendment appears to be a development based upon the receipt of additional information from Defendant, albeit limited by Defendant's unwillingness to provide complete discovery responses. The timing suggests that Plaintiff's amendment stems from discovery efforts regarding who exercised control as a manager on the day of the incident and was delayed by Defendant's reluctance to cooperate in the discovery process. Based on the chronology of events and timing of the Plaintiff's request, the Court finds that Plaintiff's amendment is sought for legitimate purposes. Defendant does not satisfy the heavy burden of proving fraudulent joinder.

### b. The Plaintiff has not been Dilatory in Asking for Amendment

To determine whether a plaintiff has been dilatory in asking for amendment, courts consider the plaintiff's actions between the time plaintiff was aware of information potentially subjecting the defendant to liability and the filing of a motion to amend. *See Boykin*, 2014 WL 12631658 at *5. Put differently, courts consider whether the plaintiff could have sought an amendment earlier than he did. *See Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D.W. Va. 1998) (finding dilatoriness when the plaintiff "was aware of the facts underlying the proposed allegations, such that [the plaintiff] could have . . . sought an amendment earlier than he did").

Defendant relies on the fact that the time between removal and Plaintiff's motion to amend was approximately six months. However, the timeline of events giving rise to Plaintiff's proposed second amended complaint negates Defendant's argument that the amendment was intended to defeat federal jurisdiction and that the amendment was not timely proposed. Plaintiff has demonstrated diligent efforts to determine the identities of the proper employees to name in an

4

amended complaint as well as significant difficulty encountered in obtaining from Defendant the identities of the employees who maintained responsibility associated with the monitoring and overall control of the premises. Defendant's assertion that Plaintiff has been dilatory in amending the Complaint to add the employees Defendant previously refused to identify is without merit. The Court finds that the Plaintiff has not been dilatory in asking for amendment.

### c. Plaintiff will be Significantly Injured if Amendment is not Allowed

To determine whether Plaintiff will be significantly injured if amendment is not allowed, courts consider whether Plaintiff can be afforded complete relief from the existing defendants. *See Boykin*, 2014 WL 12631658 at *6. Defendant suggests that Plaintiff will not be injured because he has the ability to seek full relief from the existing Defendant, Walmart Stores East, LP. (ECF No. 23). However, disallowing amendment would impair and infringe upon the Plaintiff's legal right to pursue a claim and lawsuit against a store manager under South Carolina's longstanding law associated with joint and several liability.

Under South Carolina law, a manager or employee can be personally liable, in addition to the store owner, for injuries that a customer sustains in the store if the manager or employee exercises a substantial level of control. *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006). An allegation that defendant exercises substantial control as a store manager is enough to allege this negligence cause of action. *Hardrick v. Wal-Mart Stores Inc.*, No. 9:18-CV-01345-DCN, 2018 WL 3867805, at *3 (D.S.C. Aug. 15, 2018) (Norton, J.). In the proposed second amended complaint, Plaintiff alleges that Wyatt exercised substantial control over the store as manager. (ECF No. 43-1). The Court finds that foreclosing the Plaintiff from pursuing this theory of liability would be a significant injury. While Defendant suggests that Walmart is the only appropriate defendant in this action, the Plaintiff would be prejudiced if he were not allowed to

pursue recovery via all avenues the law provides. The Court finds that Plaintiff will be significantly injured if joinder is denied.

### d. Other Factors Bearing on the Equities Favor Permitting Joinder

Defendant notes that it has an interest in retaining a federal forum. *Boykin*, 2014 WL 12631658 at *7. However, based on the nature of Plaintiff's lawsuit originally filed in state court, it was foreseeable to Walmart that this action might be litigated in state court. *See Pryor v. D.R. Horton, Inc.,* No. CA 4:10-2255-TLW-SVH, 2011 WL 2036337, at *3 (D.S.C. Feb. 9, 2011), *report and recommendation adopted,* No. 4:10-CV-02255, 2011 WL 2020737 (D.S.C. May 20, 2011) ("It would have been foreseeable to [defendant] from the outset of this action, based on the nature of Plaintiff's lawsuit originally filed in state court and involving only state law claims . . . that federal jurisdiction premised on diversity might be destroyed with the addition of other defendants").

Finally, the Court must consider the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources. *Pryor*, 2011 WL 2036337, at *3. If Plaintiff were to proceed to sue Wyatt in state court, this would be an inefficient use of judicial resources with the potential for inconsistent results. Because diversity jurisdiction is defeated by joinder of the store manager defendant Wyatt alone, the Court need not address Defendant's fraudulent joinder arguments with respect to the assistant manager defendant, Burchett.

### IV. CONCLUSION

Considering all relevant factors and balancing the equities, the Court finds that it must exercise its discretion to permit joinder and remand this action. The relevant *Mayes* factors, taken together, weigh in favor of the Plaintiff. Accordingly, Plaintiff's motion to amend the complaint,

ECF No. 21, is granted. As of the filing date of this Order, Plaintiff's proposed second amended complaint, ECF No. 43-1, is the operative complaint in this action. This action is remanded to the Orangeburg County Court of Common Pleas. Because the Court lacks jurisdiction to address any remaining pending motions, they are dismissed as moot. (ECF No. 27).

IT IS SO ORDERED.

April 23, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge